**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TRANSCARE CORPORATION, et al.,<br><br>                             Debtors. | |
| SALVATORE LAMONICA, as Chapter 7 Trustee of the Jointly-Administered Estates of TransCare Corporation, et al.,<br>                            Plaintiff,<br><br>      - against -<br><br>LYNN TILTON, et al.,<br>                            Defendants. | 20-cv-06523 (LAK)<br><br>(Bankr. Case No. 16-10407 (SMB))<br>(Adv. Proc. No. 18-1021 (SMB)) |

## MEMORANDUM OF LAWS IN SUPPORT OF PLAINTIFF'S MOTION FOR AMENDED JUDGMENT AGAINST DEFENDANT LYNN TILTON

Dated: New York, New York
       October 18, 2021

Bijan Amini
Avery Samet
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
bamini@aminillc.com
asamet@aminillc.com
*Attorneys for Plaintiff-Judgment Creditor*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT ......................................................................................................................... 1

I.      THE JUDGMENT SHOULD BE AMENDED TO INCLUDE PREJUDGMENT
        INTEREST .................................................................................................................. 1

        A.      Rule 59(e) Authorizes this Motion ............................................................... 1

        B.      The Trustee is Entitled to Prejudgment Interest as a Matter of Right ................... 2

        C.      The Rate of Prejudgment Interest Should be Set at the Delaware Legal Rate ....... 2

CONCLUSION ...................................................................................................................... 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Antaeus Enterprises, Inc. v. SD-Barn Real Estate, L.L.C.*,
480 F. Supp. 2d 734 (S.D.N.Y. 2007)......................................................................... 2

*Boyer v. Wilmington Materials, Inc.*,
754 A.2d 881 (Del. Ch. 1999)................................................................................... 3

*Citadel Holding Corp. v. Roven*,
603 A.2d 818 (Del. 1992) ......................................................................................... 2

*Foresco Co. v. Oh*,
337 F. Supp. 3d 304 (S.D.N.Y. 2018)....................................................................... 1

*Osterneck v. Ernst & Whinney*,
489 U.S. 169, 109 S. Ct. 987 (1989).......................................................................... 1

*In re Palermo*,
739 F.3d 99 (2d Cir. 2014)........................................................................................ 2

*Pereira v. Cogan*,
294 B.R. 449 (S.D.N.Y. 2003)............................................................................... 2, 3

*Ryan v. Tad's Enterps., Inc.*,
709 A.2d 682 (Del. Ch. 1996)................................................................................... 3

*Ryan v. Tad's Enterps., Inc.*,
693 A.2d 1082 (Del. Supr. 1997)............................................................................... 3

*Summa Corp. v. Trans World Airlines, Inc.*,
540 A.2d 403 (Del. 1988) ....................................................................................... 2, 3

*Trans World Airlines, Inc. v. Summa Corp.*,
Civ. A. 1316-VCP, 1987 WL 5778 (Del. Ch. Jan. 21, 1987) .................................... 2

*Thomas v. City of Mount Vernon*,
No. 89-cv-552, 1992 WL 84560 (S.D.N.Y. Apr. 10, 1992) ...................................... 1

**Statutes and Rules**

6 Del. C. § 2301 ......................................................................................................... 3

Fed. R. Civ. P. 59....................................................................................................... 1, 4

Plaintiff Salvatore Lamonica, as Chapter 7 Trustee of the Jointly-Administered Estates of TransCare Corporation, et al. ("Plaintiff-Trustee"), respectfully submits this memorandum of law in support of his motion, pursuant to Rule 59(e), to amend the judgment entered against Defendant Lynn Tilton on October 6, 2021 [Dkt. 11] to include prejudgment interest.

## INTRODUCTION

On September 29, 2021, the Court entered a Memorandum Opinion [Dkt. 9] adopting the Bankruptcy Court's recommendation as to liability on the cause of action against Ms. Tilton for breach of fiduciary duty but modifying the damages award to $38.2 million; and on October 6, 2021, the Court entered judgment against her in said amount [Dkt. 11]. By this motion, the Plaintiff-Trustee seeks an amended judgment, pursuant to Rule 59(e), that includes prejudgment interest on said amount at the rate of 6%/year (simple), commencing the date she executed the NewCo restructuring plan (February 24, 2016).[1]

## ARGUMENT

### I. THE JUDGMENT SHOULD BE AMENDED TO INCLUDE PREJUDGMENT INTEREST

#### A. Rule 59(e) Authorizes this Motion

"A Rule 59(e) motion to alter or amend a judgment is the proper basis for bringing a request for prejudgment interest." *Foresco Co. v. Oh*, 337 F. Supp. 3d 304, 306 (S.D.N.Y. 2018) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175-76, 109 S. Ct. 987, 991-92 (1989)). *See also Thomas v. City of Mount Vernon*, No. 89-cv-552, 1992 WL 84560, at *2 (S.D.N.Y. Apr. 10, 1992) ("where there is an entitlement to prejudgment interest as a matter of law, its award may properly be determined by the court even after a jury verdict on damages"). Plaintiff-Trustee requested

---

[1] The Bankruptcy Court judgment against Ms. Tilton's corporate defendants, affirmed by this Court on September 29, 2021, also awarded prejudgment interest calculated from February 24, 2016 through the date of the judgment [Case No. 20-cv-6274, Dkt. 1-1].

prejudgment interest in its Amended Complaint and in the Joint Pre-Trial Order.  *See* Samet Decl. Ex. A at 41; id. Ex. B at 74 (at ¶XI.11).

**B.      The Trustee is Entitled to Prejudgment Interest as a Matter of Right**

Delaware law controls the issue of prejudgment interest given that the underlying cause of action is breach of fiduciary duty under Delaware law.  *In re Palermo*, 739 F.3d 99, 107 (2d Cir. 2014) ("Claims [for prejudgment interest] that arise out of federal law are governed by federal rules, and claims arising out of state law are governed by state rules"); *Antaeus Enterprises, Inc. v. SD-Barn Real Estate, L.L.C.*, 480 F. Supp. 2d 734, 744 (S.D.N.Y. 2007) ("The availability of prejudgment interest is considered a substantive rather than procedural issue … The Court therefore applies New York choice of law principles, which dictate that the law of the jurisdiction whose law determined liability controls also the allowance of prejudgment interest"); *Pereira v. Cogan*, 294 B.R. 449, 550 (S.D.N.Y. 2003) (applying Delaware law on prejudgment interest, in calculating amount of prejudgment interest due on damages for breach of fiduciary duty under Delaware law).

"In Delaware, prejudgment interest is awarded as a matter of right."  *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 826 (Del. 1992).  *See also Summa Corp. v. Trans World Airlines, Inc.*, 540 A.2d 403, 409-10 (Del. 1988) ("A successful plaintiff is entitled to interest on money damages as a matter of right from the date liability accrues").  "The purpose of prejudgment interest is to compensate plaintiffs for losses suffered from the inability to use the money awarded during the time it was not available."  *Trans World Airlines, Inc. v. Summa Corp.*, Civ. A. 1316-VCP, 1987 WL 5778, at *3 (Del. Ch. Jan. 21, 1987), *aff'd*, 540 A.2d 403.

**C.      The Rate of Prejudgment Interest Should be Set at the Delaware Legal Rate**

Under Delaware law, "[g]enerally, the legal rate of interest has been used as 'the benchmark for pre-judgment interest' … However, this Court 'has broad discretion, subject to

2

principles in fairness, in fixing the [interest] rate to be applied.'" *Boyer v. Wilmington Materials, Inc.*, 754 A.2d 881, 909 (Del. Ch. 1999) (quoting *Summa Corp.*, 540 A.2d at 409).  The legal rate under 6 Del. C. § 2301(a) is "5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due."

Further, Delaware courts have regularly awarded interest on breach of fiduciary duty claims at the legal rate, or a rate keyed to it. *Summa Corp.*, 540 A.2d at 409 (affirming prejudgment interest award at the rate of "7.32% based on the average of the legal rate of interest, 6%, and the composite interest rate for TWA's historic cost of borrowing, 8.64%.  This rate of 7.32% was applied to the damage award over a 27-year period"); *Boyer*, 754 A.2d at 909 ("see[ing] no reason why the legal rate of interest should not be applied"); *Ryan v. Tad's Enterps., Inc.*, 709 A.2d 682, 705 (Del. Ch. 1996) ("adopt[ing] the legal interest rate as the appropriate rate of prejudgment interest"), *aff'd*, 693 A.2d 1082 (Del. Supr. 1997). As have New York courts awarding prejudgment interest on damages for breach of fiduciary duty under Delaware law.  *E.g.*, *Pereira v. Cogan*, 294 B.R. at 550 (awarding prejudgment interest at the Delaware legal rate).

As the Federal Reserve discount rate was 1% in February 2016,[2] and the legal rate under 6 Del. C. § 2301(a) is that plus 5%, the Plaintiff-Trustee submits the appropriate prejudgment interest rate is 6%/year (simple).

---

[2]  See  https://www.federalreserve.gov/newsevents/pressreleases/files/monetary20160412a1.pdf (minutes of the Federal Reserve board meetings held February 8, 2016 through March 23, 2016, reflecting board determination to maintain then-existing Federal Reserve discount rate at 1%); https://fred.stlouisfed.org/series/INTDSRUSM193N (historic Federal Reserve discount rate data presented in chart format).

## CONCLUSION

Plaintiff-Trustee respectfully requests that, pursuant to Rule 59(e), an amended judgment

be entered against Ms. Tilton in the amount of $38.2 million, plus prejudgment interest at the rate

of 6%/year (simple), commencing February 24, 2016.


Dated: New York, New York                AMINI LLC
       October 18, 2021

                                        /s/ Avery Samet
                                        Bijan Amini
                                        Avery Samet
                                        131 West 35th Street, 12th Floor
                                        New York, New York 10001
                                        (212) 490-4700
                                        bamini@aminillc.com
                                        asamet@aminillc.com
                                        *Attorneys for Plaintiff-Judgment Creditor*