**PROSKAUER ROSE LLP**
Michael T. Mervis
Timothy Q. Karcher
Eleven Times Square
New York, NY 10036-8299
Tel.: (212) 969-3000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TRANSCARE CORPORATION, et al.,<br><br>Debtors. | |
| SALVATORE LAMONICA, as Chapter 7 Trustee of the Jointly-Administered Estates of TransCare Corporation, et al.,<br><br>Plaintiff,<br><br>- against -<br><br>LYNN TILTON, PATRIARCH PARTNERS AGENCY SERVICES, LLC, PATRIARCH PARTNERS, LLC, PATRIARCH PARTNERS MANAGEMENT GROUP, LLC, ARK II CLO 2001-1 LIMITED, TRANSCENDENCE TRANSIT, INC. and TRANSCENDENCE TRANSIT II, INC.,<br><br>Defendants. | 20-cv-06523 (LAK)<br><br>(Bankr. Case No. 16-10407 (SMB))<br>(Adv. Proc. No. 18-1021 (SMB)) |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR AMENDED JUDGMENT AGAINST DEFENDANT LYNN TILTON**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................. 1

RELEVANT FACTUAL BACKGROUND ..................................................................................... 2

ARGUMENT .................................................................................................................................... 3

CONCLUSION ................................................................................................................................. 7

i

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*,
    490 F. Supp. 3d 593 (E.D.N.Y. 2020) .................................................................................3, 4

*Foresco Co. v. Oh*,
    337 F. Supp. 3d 304 (S.D.N.Y. 2018) ..........................................................................................6

*Hamilton Bank, N.A. v. Kookmin Bank*,
    245 F.3d 82 (2d Cir. 2001) ..........................................................................................................5

*MCI LLC v. Rutgers Cas. Ins. Co.*,
    No. 06 CIV. 4412 (THK), 2007 WL 4258190 (S.D.N.Y. Dec. 4, 2007) .....................................4

*Melendez v. New York City Dep't of Educ.*,
    No. 19 CIV. 2928 (ER), 2020 WL 5117948 (S.D.N.Y. Aug. 31, 2020) ................................3, 4

*Petion v. Senior Philanthropy of Westport, LLC*,
    No. 3:16CV1993 (JBA), 2019 WL 762666 (D. Conn. Feb. 21, 2019) .......................................5

*Thomas v. City of Mount Vernon*,
    No. 89-cv-552 (JFK) (THK), 1992 WL 84560 (S.D.N.Y. Apr. 10, 1992) .................................6

*United States v. Bastian*,
    770 F.3d 212 (2d Cir. 2014) ........................................................................................................5

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 9033 .......................................................................................................................2

Fed. R. Civ. P. 59(e) ................................................................................................................ *passim*

Fed. R. Civ. P. 59(a) ........................................................................................................................6

Fed. R. Civ. P. 60(a) ........................................................................................................................6

Defendant Lynn Tilton ("Defendant") respectfully submits this memorandum of law in opposition to Plaintiff-Trustee's[1] motion to amend the judgment entered against Defendant on October 6, 2021 [Dkt. No. 11] (the "Judgment") to include an award of prejudgment interest.

## INTRODUCTION

Plaintiff-Trustee asks this Court to amend the Judgment to include an award of prejudgment interest. Although the motion is expressly (and solely) brought under Fed. R. Civ. P. 59(e), Plaintiff-Trustee's submission fails to acknowledge the burden a party must meet when moving under Rule 59(e). Instead, Plaintiff-Trustee appears to assume such a motion should be granted as a matter of course when it involves a request to add an award of prejudgment interest to an already-entered judgment. That assumption has no legal support, and is contrary to the facts of this particular case.

The moving party on a Rule 59(e) motion must demonstrate (i) an intervening change of controlling law, (ii) the availability of new evidence, or (iii) the need to correct a clear error or prevent manifest injustice. Plaintiff-Trustee does not mention any of this. In fact, there has been no intervening change of controlling law and no new evidence has become available. Plaintiff-Trustee also cannot credibly claim clear error or a need to prevent manifest injustice for the simple reason that the Judgment entered by the Court *was in exactly the form proposed by Plaintiff-Trustee himself, without alteration*. It cannot possibly be a clear error by the Court, or manifest injustice to Plaintiff-Trustee, to enter the very form of judgment *Plaintiff expressly asked the Court to enter*. Nor was Plaintiff-Trustee's failure to include an award of prejudgment interest in the proposed judgment he filed with the Court an inadvertent oversight. Only a few days earlier,

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to them in *Plaintiff-Trustee's Memorandum of Law in Support of Plaintiff's Motion for Amended Judgment Against Defendant Lynn Tilton* ("Pl. Mem.") [Dkt. No. 14].

Plaintiff-Trustee's counsel sent Defendant's counsel a draft proposed judgment that included the exact award of prejudgment interest he now asks this Court to add under Rule 59(e). Whatever the reason, his decision to thereafter file a proposed judgment with no such award was knowing and intentional. The motion should be denied.

## RELEVANT FACTUAL BACKGROUND

Following a multi-week bench trial in 2019, the United States Bankruptcy Court for the Southern District of New York entered its *Post-Trial Findings of Fact and Conclusions of Law* (the "PFC") on July 6, 2020, recommending (among other things) that Defendant should be found liable for breach of the duty of loyalty and good faith under Delaware law. *See* Adv. Proc. No. 18-1021, Dkt. No. 138. The PFC recommended "to the District Court that it enter a money judgment against defendant Lynn Tilton in the sum of $41.8 million." *Id.* at 2; *see also id.* at 71. The PFC made no specific recommendation regarding prejudgment interest.

Defendant filed a timely objection to the PFC pursuant to Bankruptcy Rule 9033 on August 7, 2021 (Adv. Proc. No. 18-1021, Dkt. No. 150) (the "Objection"), which was docketed in this Court on August 17, 2020 [Dkt. No. 3]. On September 9, 2020, Plaintiff-Trustee filed his opposition to the Objection, arguing that "the Court should overrule Defendant Tilton's Objection and enter final judgment against Tilton as provided for in the PFC." Dkt. No. 7, at 71. Plaintiff-Trustee made no mention of an award of prejudgment interest.

On September 29, 2021, this Court entered its *Memorandum Opinion* (the "Opinion") [Dkt. No. 9] overruling Defendant's Objection to the PFC, to the extent it adopted the bankruptcy court's proposed finding that Defendant is liable for breach of the duty of loyalty and good faith. This Court also held Plaintiff-Trustee was entitled to a damages award of $38.2 million against Defendant. *Id.* at 37, 46. The Opinion does not address prejudgment interest.

On September 30, 2021, counsel for Plaintiff-Trustee sent via email a draft proposed judgment to Defendant's counsel; this draft included an award of prejudgment interest at a rate of 6%, commencing on February 24, 2016. *See* Mervis Decl., Exhibit A (email from J. Chubak to M. Mervis, dated Sept. 30, 2021, and attached proposed form of judgment). The email also included a summary of legal research on what Plaintiff-Trustee's counsel represented was the applicable law concerning the rate of prejudgment interest. *Id.* That same day, Defendant's counsel replied, stating, among other things, that he would review what had been sent and respond concerning Plaintiff-Trustee's position with respect to prejudgment interest. *Id.*, Exhibit B. Before Defendant's counsel responded further, Plaintiff-Trustee filed a proposed judgment with this Court on October 4, 2021 [Dkt. No. 10] that did *not* include any award of prejudgment interest. This Court entered the Judgment on October 6, 2021 in exactly the form submitted by Plaintiff-Trustee. Dkt. No. 11.

## ARGUMENT

Courts in this district have made clear that "[a] motion to alter a judgment under Rule 59(e) may be granted *only if* the movant satisfies the *heavy burden* of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Melendez v. New York City Dep't of Educ.*, No. 19 CIV. 2928 (ER), 2020 WL 5117948, at *1 (S.D.N.Y. Aug. 31, 2020) (internal quotation marks omitted) (emphasis added). Rule 59(e) is not a vehicle for "taking a second bite at the apple." *Id.* (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). In fact, "[a] motion to alter or amend judgment is an 'extraordinary remed[y] to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, 490 F. Supp. 3d 593, 623 (E.D.N.Y. 2020) (quoting *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014)). "The narrow aim of Rule 59(e)

is to make clear that the district court possesses the power to rectify *its own mistakes* in the period immediately following the entry of judgment." *Am. Tech. Ceramics Corp.*, 490 F. Supp. 3d at 623 (emphasis added).

Plaintiff-Trustee's request is not based on an intervening change of law or the availability of new evidence; thus, the Court could only grant the motion if Plaintiff-Trustee has shown "the need to correct a clear error or prevent manifest injustice." *Melendez*, 2020 WL 5117948, at *1. He has failed to (and cannot) do so.

Without addressing this applicable legal standard, Plaintiff-Trustee's submission could be read to suggest the "error" he seeks to remedy, or the "injustice" he seeks to prevent, is that the Judgment does not reflect an award of prejudgment interest, which Plaintiff-Trustee asserts he is entitled to as a matter of right under Delaware law. *See* Pl. Mem. at 2. What Plaintiff-Trustee's submission fails to acknowledge, however, is that this Court entered the judgment in exactly the form *Plaintiff-Trustee himself submitted*. *Compare* Dkt. No. 10 *with* Dkt. No. 11. It is not clear error or manifest injustice for the Court to enter a judgment that Plaintiff-Trustee himself requested that did not include a request for prejudgment interest. *See MCI LLC v. Rutgers Cas. Ins. Co.*, No. 06 CIV. 4412 (THK), 2007 WL 4258190, at *5 (S.D.N.Y. Dec. 4, 2007) (denying motion to amend judgment to include award of prejudgment interest under Rule 59(e), and finding no clear error or manifest injustice, where "Plaintiffs paid the matter no attention in their numerous submissions to the Court").

Plaintiff-Trustee cannot even argue that his failure to include an award of prejudgment interest in his proposed judgment was an oversight. Plaintiff-Trustee expressly contemplated the inclusion of an award of prejudgment interest in a draft proposed judgment he sent to Defendant's counsel (*see* Mervis Decl., Exhibit A). But shortly thereafter, he *affirmatively decided* to file a

4

proposed judgment without such an award. Thus, it is clear this omission was purposeful, not a late-discovered oversight. It makes no difference at this stage of the proceedings why Plaintiff-Trustee elected to submit a proposed form of judgment to this Court that did *not* include prejudgment interest; the important point is that the Court entered judgment in exactly the form proposed by Plaintiff-Trustee, and there is no reason to relieve him of his informed, intentional decision.

"[M]anifest injustice does not exist where . . . a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *See Petion v. Senior Philanthropy of Westport, LLC*, No. 3:16CV1993 (JBA), 2019 WL 762666, at *2 (D. Conn. Feb. 21, 2019) (quoting *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 78 (D.D.C. 2013)). Indeed, the facts here are even worse because Plaintiff-Trustee actually invited the Court to enter the Judgment he now asks the Court to amend under Rule 59(e). Plaintiff-Trustee offers no explanation as to why he should not be bound by the terms of the proposed judgment he asked this Court to enter. *Cf. United States v. Bastian*, 770 F.3d 212, 218 (2d Cir. 2014) (under the "invited error" doctrine, appellate courts are reluctant to provide relief on the basis of errors that a party "invited or provoked the district court to commit"); *Hamilton Bank, N.A. v. Kookmin Bank*, 245 F.3d 82, 93 (2d Cir. 2001) (appellant could not challenge allegedly incorrect date upon which prejudgment interest was calculated where appellant previously "furnish[ed] a proposed judgment that incorporated the allegedly incorrect interest calculation").

Plaintiff-Trustee cites two cases for his contention that "[a] Rule 59(e) motion to alter or amend a judgment is the proper basis for bringing a request for prejudgment interest." Pl. Mem. at 1. To be sure, an award of prejudgment interest *can be* added to a judgment under Rule 59(e), but the requirements of the rule must still be met. Neither of Plaintiff-Trustee's cases holds to the

5

contrary. In *Foresco Co. v. Oh*, 337 F. Supp. 3d 304 (S.D.N.Y. 2018), plaintiff moved to amend a judgment entered on a jury verdict to add pre- and post-judgment interest. There is no indication that the plaintiff previously consented to (or affirmatively proposed) the judgment the court entered and that plaintiff was moving to amend. In opposing the motion, defendant did not argue the requirements of Rule 59(e) were not met, and the court engaged in no analysis on the issue.[2] The same was true in *Thomas v. City of Mount Vernon,* No. 89-cv-552 (JFK) (THK), 1992 WL 84560 (S.D.N.Y. Apr. 10, 1992), where plaintiff moved under Rule 59(e) to amend a judgment on a Section 1983 jury verdict to allow for prejudgment interest. There too, there is no indication plaintiff previously consented to or proposed the judgment at issue, defendant made no argument that the requirements of Rule 59(e) were not met, and the court did not address the issue.[3]

Nowhere in Plaintiff-Trustee's opposition to Defendant's Objection did he request an award of prejudgment interest, nor did the PFC specifically recommend an award of prejudgment interest. More to the point, Plaintiff-Trustee *affirmatively chose* to submit a proposed judgment for the Court to enter that did not provide for an award of prejudgment interest. Having failed to request an award of prejudgment interest in his opposition to Defendant's Objection, and then having submitted a proposed judgment for the Court to enter that did not include an award of prejudgment interest, Plaintiff-Trustee can hardly contend the Court committed clear (or, indeed, any) error by entering the proposed judgment he himself asked the Court to enter.

---

[2] Rather, defendant argued that plaintiff's motion should have been brought under Rule 59(a) or Rule 60(a) (*see id.* at 306), neither of which are at issue here.

[3] Rather, the court exercised its discretion and denied the motion on the merits because, among other things, an award of prejudgment interest was not necessary to fully compensate the victim of a Section 1983 claim in plaintiff's case. *Id.* at *4.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff-Trustee's Rule 59(e) motion.

Dated: November 1, 2021
      New York, New York

Respectfully submitted,

PROSKAUER ROSE LLP

By: */s/ Michael T. Mervis*
    Michael T. Mervis
    Timothy Q. Karcher
    Eleven Times Square
    New York, NY  10036-8299
    Tel.: (212) 969-3000
    Fax: (212) 969-2900
    Email: mmervis@proskauer.com
           tkarcher@proskauer.com

*Attorneys for Defendant Lynn Tilton*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of November, 2021, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send a notice of such filing to the Chapter 7 Trustee's counsel and the interested parties registered to receive ECF notification from the court.

*/s/ Michael T. Mervis*
Michael T. Mervis