UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>TRANSCARE CORPORATION, et al.,<br><br>                                  Debtors.<br>SALVATORE LAMONICA, as Chapter 7 Trustee of the Jointly-Administered Estates of TransCare Corporation, et al.,<br>                                  Plaintiff,<br><br>            - against -<br><br>LYNN TILTON, et al.,<br>                                  Defendants. | 20-cv-06523 (LAK)<br><br>(Bankr. Case No. 16-10407 (SMB))<br>(Adv. Proc. No. 18-1021 (SMB)) |

**REPLY MEMORANDUM OF LAWS IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR AMENDED JUDGMENT AGAINST DEFENDANT LYNN TILTON**

Dated:  New York, New York
            November 5, 2021

                                                                Bijan Amini
                                                                Avery Samet
                                                                AMINI LLC
                                                                131 West 35th Street, 12th Floor
                                                                New York, New York 10001
                                                                (212) 490-4700
                                                                bamini@aminillc.com
                                                                asamet@aminillc.com
                                                                *Attorneys for Plaintiff-Judgment Creditor*

## **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES .................................................................................................................. ii

INTRODUCTION ................................................................................................................................ 1

ARGUMENT ........................................................................................................................................ 1

I.     RULE 59(e) IS THE PROPER PROCEDURAL VEHICLE FOR SEEKING PREJUDGMENT INTEREST ................................................................................................ 1

II.    MS. TILTON DOES NOT CONTEST THE TRUSTEE'S RIGHT TO PREJUDGMENT INTEREST ........................................................................................................................... 4

CONCLUSION .................................................................................................................................... 4

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Buchwald v. Renco Group (In re Magnesium Corp. of Am.)*
  539 B.R. 31 (S.D.N.Y. 2015) ............................................................................................... 3

*Buchwald v. Renco Group (In re Magnesium Corp. of Am.)*
  682 Fed. App'x 24 (2d Cir. 2017) ........................................................................................ 3

*Citadel Holding Corp. v. Roven*,
  603 A.2d 818 (Del. 1992) .................................................................................................... 4

*Foresco Co., Ltd. v. Oh*,
  337 F. Supp. 3d 304 (S.D.N.Y. 2018) ................................................................................. 2

*Goldman Sachs Execution & Clearing, L.P. v. The Official Unsecured Creditors' Comm. of Bayou Group, LLC*,
  No. 10-cv-5622, 2011 WL 2224629 (S.D.N.Y. May 31, 2011) ...................................... 2, 3

*Osterneck v. Ernst & Whinney*,
  489 U.S. 169, 109 S. Ct. 987 (1989) ................................................................................ 1, 2

*Pereira v. Cogan*,
  294 B.R. 449 (S.D.N.Y. 2003) ............................................................................................ 3

*Stanford Square, L.l.C. v. Nomura Asset Capital Corp.*,
  232 F. Supp. 2d 289 (S.D.N.Y. 2002) ................................................................................. 2

*Uni-Rty Corp. v. Guangdong Bldg. Finance, Inc.*,
  No. 95-cv-9432, 2013 WL 150214 (S.D.N.Y. Jan. 11, 2013) ............................................. 2

**Statutes and Rules**

6 Del C. § 2301 ............................................................................................................................ 4

Fed. R. Civ. P. 59 ........................................................................................................... 1, 2, 3, 4

Local Civil Rule 77.1 .................................................................................................................. 3

Plaintiff Salvatore LaMonica, as Chapter 7 Trustee, respectfully submits this reply memorandum of law in further support of his motion for an amended judgment against Defendant Lynn Tilton that includes prejudgment interest.

## INTRODUCTION

This reply contains two points. First, that Rule 59(e) is the appropriate vehicle for seeking prejudgment interest based upon precedent by the United States Supreme Court and multiple cases from this district. Second, that Ms. Tilton does not dispute the Trustee's entitlement to interest as of right under Delaware law. Respectfully, the Court should grant the motion.

## ARGUMENT

### I.  RULE 59(e) IS THE PROPER PROCEDURAL VEHICLE FOR SEEKING PREJUDGMENT INTEREST

Ms. Tilton's memorandum of law in opposition muddles the distinct reasons a party may have to seek relief under Rule 59(e), equating motions for reconsideration of a fully litigated matter, with the instant motion made in light of the Bankruptcy Court's proposed findings and conclusions [Dkt. 1] and Memorandum Opinion of this Court [Dkt. 9] not having addressed prejudgment interest (as acknowledged in the Opposition at 2).

Her argument, that prejudgment interest should be denied for failure to show that its denial would result in manifest injustice, fails. The Supreme Court specifically held in *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176, 109 S. Ct. 987, 991-92 (1989) that a post-judgment motion for prejudgment interest falls under Rule 59(e). The Supreme Court based its holding upon the fact that "a postjudgment motion for discretionary prejudgment interest involves the kind of reconsideration of matters encompassed within the merits of a judgment to which Rule 59(e) was intended to apply." *Id*.

1

*Osterneck* further prescribed the following method for evaluating a Rule 59(e) motion for prejudgment interest:

> In deciding if and how much prejudgment interest should be granted, a district court must examine - or in the case of a postjudgment motion, reexamine - matters encompassed within the merits of the underlying action. For example, in a federal securities action such as this case, a district court will consider a number of factors, including whether prejudgment interest is necessary to compensate the plaintiff fully for his injuries, the degree of personal wrongdoing by defendant, whether plaintiff delayed in bringing or prosecuting the action and other fundamental considerations of fairness … These considerations are intertwined in a significant way with the merits of the plaintiff's primary case as well as the extent of his damages.

*Id*.

Nowhere does *Osterneck* employ the standard Ms. Tilton would have this Court employ. Under the maxim, expressio unius est exclusio alterius, it cannot follow that the Supreme Court intended that Rule 59(e) motions for prejudgment interest be subject to her test. *See also Foresco Co., Ltd. v. Oh*, 337 F. Supp. 3d 304, 306 (S.D.N.Y. 2018) (citing *Osterneck*, 489 U.S. at 175-76) ("a Rule 59(e) motion to alter or amend a judgment is the proper basis for bringing a request for prejudgment interest," and awarding 9% prejudgment interest despite judgment having been entered prior to the filing of the motion); *Uni-Rty Corp. v. Guangdong Bldg. Finance, Inc.*, No. 95-cv-9432, 2013 WL 150214 (S.D.N.Y. Jan. 11, 2013) (similar).

Nor did the Trustee waive prejudgment interest by proceeding as he did. *Stanford Square, L.L.C. v. Nomura Asset Capital Corp.*, 232 F. Supp. 2d 289, 291 (S.D.N.Y. 2002) ("the prevailing party cannot waive its right to prejudgment interest. [A] party's ability to amend an order to include prejudgment interest lapses once a motion to alter or amend a judgment, pursuant to FRCP 59(e) is no longer timely. Since Capital filed a timely motion to amend or alter a judgment under FRCP 59(e), there can be no question that Capital has not waived recovery of prejudgment interest"); *Goldman Sachs Execution & Clearing, L.P. v. The Official Unsecured Creditors'*

2

*Comm. of Bayou Group, LLC*, No. 10-cv-5622, 2011 WL 2224629, at *1 (S.D.N.Y. May 31, 2011) (rejecting argument that prejudgment interest was waived and granting Rule 59(e) motion to add prejudgment interest).

Even assuming, arguendo, the standard advocated by Ms. Tilton applies, the motion should be granted as denial of prejudgment interest would be "manifestly unjust" to TransCare creditors. As more fully discussed in the Trustee's memorandum of law in support, the Trustee is entitled to prejudgment interest as of right under Delaware law and prejudgment interest is routinely allowed on Delaware breach of fiduciary duty causes of action, including by courts in this district. *E.g.*, *Buchwald v. Renco Group (In re Magnesium Corp. of Am.)*, 539 B.R. 31 (S.D.N.Y. 2015), *aff'd*, 682 Fed. App'x 24 (2d Cir. 2017) (Summary Order) (prejudgment interest rate of 6% awarded on Delaware breach of fiduciary duty cause of action and considering the merits of Rule 59(e) motion to increase prejudgment interest rate); *Pereira v. Cogan*, 294 B.R. 449, 550 (S.D.N.Y. 2003) (awarding prejudgment interest at the Delaware legal rate, on Delaware breach of fiduciary duty cause of action). The factual findings made by this Court in its Memorandum Opinion [Dkt. 9] further shift the balance of equities strongly in favor of the Trustee on the issue of prejudgment interest.

Another false premise of Ms. Tilton's opposition is that the Trustee previously had adequate opportunity to make his case for prejudgment interest. Ms. Tilton suggests the Trustee should have submitted a memorandum of law, brief or letter-motion with his proposed form of judgment - an idea unsupported by any authority cited by her. *See also* S.D.N.Y. ECF Rule and Instructions § 13.18 (Feb. 1, 2021), made applicable by Local Civil Rule 77.1 (directing electronic filing of proposed judgments, under the event Proposed Judgment, without commentary). In any event, a motion for prejudgment interest constitutes a motion under Rule 59(e), even if Ms. Tilton tries to characterize it as a motion under a different rule.

3

The motion has been properly framed under Rule 59(e) and addresses the question of prejudgment interest using the correct criteria.

## II. MS. TILTON DOES NOT CONTEST THE TRUSTEE'S RIGHT TO PREJUDGMENT INTEREST

In his opening brief, the Trustee argued that the issue of prejudgment interest is controlled by Delaware law and that "In Delaware prejudgment interest is awarded as a matter of right [Dkt. 14 at 2, quoting *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 826 (Del. 1992) and citing additional authorities]. Ms. Tilton does not contest that right in her opposition. Nor does she contest the use of the Delaware statutory legal rate, 6 Del C. § 2301(a), as the appropriate benchmark for the rate of interest to be applied.

As a result, the Court should grant the Motion and award prejudgment interest at the Delaware legal rate.

## CONCLUSION

The motion should be granted.

Dated: New York, New York  
November 5, 2021

AMINI LLC

/s/ Avery Samet  
Bijan Amini  
Avery Samet  
131 West 35th Street, 12th Floor  
New York, New York 10001  
(212) 490-4700  
bamini@aminillc.com  
asamet@aminillc.com  
*Attorneys for Plaintiff-Judgment Creditor*