UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>TRANSCARE CORPORATION, et al.,<br>                              Debtors.<br>SALVATORE LAMONICA, as Chapter 7 Trustee of the Jointly-Administered Estates of TransCare Corporation, et al.,<br>                              Plaintiff,<br>v.<br>LYNN TILTON, et al.,<br>                              Defendants. | 20-cv-06523 (LAK)<br><br>16-bk-10407 (DSJ)<br><br>18-ap-01021 (DSJ)<br><br>**DECLARATION OF AVERY SAMET IN SUPPORT** |

I, Avert Samet, hereby declare:

1. I am a member of Amini LLC, counsel for the plaintiff, and submit this declaration in support of his motion to enforce liability on Bond #SUR0060420 of Argonaut Insurance Company ("Surety"), pursuant to FRAP 8(b).

2. Attached hereto as exhibits are true and correct copies of the following documents:

| Exhibit | Date | Document Description |
|---|---|---|
| 1 | November 8, 2023 | Trustee's Letter to Surety |
| 2 | November 10, 2023 | Trustee's Letter to Surety |
| 3 | November 10, 2023 | Surety's Response Letter |

3. To date, no payments have been made by or on behalf of Lynn Tilton towards satisfaction of this Court's judgment against her.

4. Nor have any payments been made towards satisfaction of the Bankruptcy Court's judgment against Patriarch Partners Agency Services, LLC, Transcendence Transit, Inc. and Transcendence Transit II, Inc., affirmed by this Court. (ECF Doc. #9, at 4.)

5. Plaintiff is proceeding by order to show cause, rather than notice of motion, because Surety's delay in making payment on the bond is prejudicial to plaintiff and inexcusable.

6. Surety has been on notice since the Second Circuit's August 28, 2023 decision (ECF Doc. #26) that it faced liability on the bond. Its refusal to pay is prejudicial, given the amount of the judgment (roughly $52 million), the uncertainty faced as a result of nonpayment on demand and the post-judgment interest rate (.27%/year).

7. The Surety's response to plaintiff's letters making a claim on the bond did not state when payment would be made. The sole excuse given for delaying payment is that Surety needs to verify the veracity of court documents enclosed with plaintiff's November 8, 2023 letter. The sole documents submitted with that letter, aside from Surety's own bond, were this Court's judgment (ECF Doc. #23) and the Second Circuit's mandate (ECF Doc. #27) affirming the same. These documents are two pages each and can be verified via PACER.

8. No prior request for the relief requested in this motion has been made to this Court or to any other court.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed November 13, 2023.

/s/ Avery Samet