UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>TRANSCARE CORPORATION, et al.,<br>　　　　　　　　　　　　　　Debtors.<br>SALVATORE LAMONICA, as Chapter 7 Trustee of the Jointly-Administered Estates of TransCare Corporation, et al.,<br>　　　　　　　　　　　　　　Plaintiff,<br>v.<br>LYNN TILTON, et al.,<br>　　　　　　　　　　　　　　Defendants. | 20-cv-06523 (LAK)<br><br>16-bk-10407 (DSJ)<br><br>18-ap-01021 (DSJ)<br><br>**MEMORANDUM OF LAW IN SUPPORT** |

　　　　Plaintiff Salvatore LaMonica, Chapter 7 Trustee, submits this memorandum of law in support of his motion to enforce liability of Argonaut Insurance Company (the "Surety") on Bond #SUR0060420, pursuant to FRAP 8(b).

## BACKGROUND

　　　　Almost two years ago, on December 22, 2021, this Court entered its amended judgment (ECF Doc. #23) in favor of plaintiff and against defendant Lynn Tilton in the amount of $51,524,997.26.[1] Tilton appealed the judgment and posted a supersedeas (appeal) bond to forestall enforcement and discovery efforts by the Trustee. On August 28, 2023, the Second Circuit affirmed the judgment. (ECF Doc. #26.) On November 8, 2023, following denial of her petition for hearing en banc the Second Circuit issued its mandate. (ECF Doc. #27.) Despite repeated demands since then (Samet Decl. Exhibits 1-2), the Surety has refused payment on the bond.

　　　　The bond (ECF Doc. #16) provides that Surety is "held and firmly bound unto TransCare Corporation, in the penal sum" ($57,192,747, ECF Doc. #25). The sole limitation on the Surety's obligation is if Tilton pays the judgment in full (ECF Doc. #16), which she has not done.

---

[1] Post-judgment interest accrues at the rate of .27%/year ($381.1438/day). See 28 U.S.C. § 1961 and Federal Reserve Economic Data (FRED) database, linked here.

(Samet Decl. ¶3.)  Nor have any payments been made towards satisfaction of the Bankruptcy Court's judgment against Patriarch Partners Agency Services, LLC, Transcendence Transit, Inc. and Transcendence Transit II, Inc. (id. ¶4), affirmed by this Court.  (ECF Doc. #9, at 4.)

Following the Trustee's repeated demands, the Surety responded (Samet Decl. Exhibit 3) with a non sequitur: "We have commenced an independent investigation into this claim … This includes … verifying the veracity of the court documentation provided in the initial submission and reviewing this matter with our bond principal."  The Surety gave no explanation of what investigation was necessary, what issue there was with the "veracity" of the Court's orders and mandates or why "reviewing this matter with our bond principal" had any relevance to, or justification for, delaying payment.  Nor has the Surety confirmed that it will make payment, which is the sole purpose of the bond. The bond, approved and filed by the Clerk of this Court, should be immediately enforced.

## ARGUMENT

The mandate having issued, this Court's judgment is now final.  See FRAP 41, Committee Notes on 1998 Amendments to Subdivision (c) ("A court of appeals' judgment or order is not final until issuance of the mandate; at that time the parties' obligations become fixed. This amendment is intended to make it clear that the mandate is effective upon issuance and that its effectiveness is not delayed until receipt of the mandate by the trial court").

Plaintiff is accordingly entitled to recover under the terms of the bond, quoted above.  *See also Morgan Guar. Trust Co. of N.Y. v. Republic of Palau*, 702 F. Supp. 60, 65 (S.D.N.Y. 1988) (the "main purposes" of a supersedeas bond include "protect[ing] the appellee against the risk that the appellant … is unable to satisfy the judgment after appeal" and "guarantee[ing] that the

2

appellee can recover the interest that accrues on the judgment during appeal", in addition to the principal amount of the judgment).

The procedure for enforcing liability on the bond is set forth in FRAP 8(b) which provides:

> PROCEEDING AGAINST A SECURITY PROVIDER. If a party gives security with one or more security providers, each provider submits to the jurisdiction of the district court and irrevocably appoints the district clerk as its agent on whom any papers affecting its liability on the security may be served. On motion, a security provider's liability may be enforced in the district court without the necessity of an independent action. The motion and any notice that the district court prescribes may be served on the district clerk, who must promptly send a copy to each security provider whose address is known.

This rule "is based on Federal Rule of Civil Procedure 65.1".  Wright & Miller, 16A Fed. Prac. & Proc. Juris. § 3954.1 (5th ed.).

It "permits the liability of a surety to be enforced through an expeditious, summary procedure without the necessity of an independent action."  Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2972 (3d ed.).

FRAP 8(b) reflects "recognition that district courts are better equipped to handle all bond and security matters."  Wright & Miller, 16A Fed. Prac. & Proc. Juris. § 3954.1 (5th ed.).

Surety has been on notice since the August 28, 2023 decision (ECF Doc. #26) of the Second Circuit that it faced liability on the bond.  Its refusal to pay is prejudicial, given the amount of the judgment (roughly $52 million), the uncertainty faced as a result of nonpayment on demand and the post-judgment interest rate (.27%/year).

The Surety's response to plaintiff's letters making a claim on the bond did not state when payment would be made.  The sole excuse given for delaying payment is that Surety needs to verify the veracity of court documents enclosed with plaintiff's November 8, 2023 letter.  The sole documents submitted with that letter, aside from Surety's own bond, were this Court's judgment

(ECF Doc. #23) and the Second Circuit's mandate (ECF Doc. #27) affirming the same. These documents are two pages each and can be verified via PACER.

No prior request for the relief requested in this motion has been made to this Court or to any other court.

WHEREFORE, an order should be entered enforcing Surety's liability on the bond, including through entry of a money judgment against Surety in the amount of plaintiff's judgment against Tilton, inclusive of post-judgment interest, and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York  
       November 13, 2023

Amini LLC

/s/ Avery Samet  
Bijan Amini  
Avery Samet  
131 West 35th Street  
12th Floor  
New York, New York 10001  
(212) 490-4700  
Attorneys for Plaintiff