UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

In re:

TRANSCARE CORPORATION, ET AL.   20-cv-06523 (LAK)

                Debtors,   16-bk-10407 (DSJ)

SALVATORE LAMONICA, as Chapter 7 Trustee of the   18-ap-01021 (DSJ)
Jointly-Administered Estates of TransCare Corporation,
et al.,   Hon. Lewis A. Kaplan

                Plaintiff,   **DECLARATION IN RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER ENFORCING SURETY'S LIABILITY ON A SUPERSEDEAS BOND**

   - against -

Lynn Tilton, Patriarch Partners Agency Services, LLC,
Patriarch Partners, LLC, Patriarch Partners Management
Group, LLC, Ark II CLO 2001-1 Limited,
Transcendence Transit, Inc. and Transcendence Transit
II, Inc.

                Defendants.
------------------------------------------------------------------- X

      Steven H. Rittmaster, an attorney admitted to practice in the Southern District of New York, declares under the penalty of perjury that the following is true and correct based upon my knowledge, information and belief:

      1.     I am a member of Torre, Lentz Gamell, Gary & Rittmaster, LLP, attorneys for supersedeas bond surety Argonaut Insurance Company ("Argo"). My firm was retained by Argo on November 14, 2023 following this Court's issuance of an Order to Show Cause entered on the same date (Dkt. #31). Despite the SDNY Pacer outage yesterday, we have endeavored in the short time between Argo's receipt of the Order to Show Cause (emailed from plaintiff's counsel on November 14 at 9:00 a.m.) and the

3137270v2

Court's deadline for Argo to serve its opposition papers (November 15 at 5 p.m.) to investigate and understand some of the essential points of this matter.

2.	As set forth below, while Argo disagrees with the aggressive tactics employed by plaintiff and its counsel, Argo is prepared to pay the judgment plus accrued interest within a commercially reasonable period of time should this Court so order. Argo also requests that any such order provide that upon Argo's having made payment, and upon plaintiff/judgment creditors' counsel receiving such payment, Argo's supersedeas bond be declared released and discharged. Argo is attaching a proposed order the Court's consideration as Exhibit A hereto.

3.	Argo issued a Supersedeas Bond dated October 15, 2021 on behalf of Lynn Tilton ("Tilton"), as principal/judgment debtor, in connection with a judgment entered in favor of TransCare Corporation and against Tilton, Bond Number SUR0060420 ("Bond"). The Bond was approved and filed with the Court on October 19, 2021 (Dkt. #16). The Bond was later increased by rider filed on February 23, 2022 (Dkt. #25).

4.	Following issuance of the Bond and rider, Argo was not made aware of any of the proceedings or entries in the appeal or in this action until Argo received a letter from plaintiff's counsel by email sent after the close of normal business hours on Wednesday, November 8, 2023, as well as by Federal Express that was received on Friday, November 10, 2023 (Ex. 1 to Samet Decl., Dkt. #29-1). The letter demanded that Argo wire the sum of $51,786,461.91 to plaintiff. Counsel did not provide a court certified copy of the Second Circuit's Mandate, which apparently had been issued the day

before, or certified copies of any of the underlying judgments or opinions rendered by this Court or the Second Circuit.

5. Before Argo had any reasonable opportunity to investigate or review this matter, counsel for plaintiff sent a second letter by email on November 10, 2023 advising that if they did not hear from Argo by Monday morning, November 13, 2023, they "intend to ask the Court to direct immediate payment on the bond" (Ex. 2 to Samet Decl., Dkt. #29-2). Given the large sum involved and that Argo has had no involvement in the appeal or the action, Argo determined that an investigation of the status of the action and appeal was prudent and indicated.

6. Argo responded to plaintiff's counsel by letter on November 10, 2023 acknowledging receipt of counsel's two letters, advising that it had commenced an investigation into the claim, including verifying the veracity of the court documentation provided by counsel, and would review this matter with Tilton's counsel (Ex. 3 to Samet Decl., Dkt. #29-3). The foregoing are appropriate actions for a surety to undertake when it receives a claim, especially with the extremely large dollar amount demanded, and are consistent with provisions in New York's Insurance Law which in the analogous insurance claim context provides that an insurer is afforded time to review claims; see N.Y. Ins. Law § 2601 ("[a]fter receiving a proof of loss, an insurer shall advise claimant of acceptance or denial of claim within thirty working days"); 11 NYCRR 216.5 ("[e]very insurer shall establish procedures to commence an investigation of any claim…within 15 business days of receiving notice of claim"); 11 NYCRR 216.6 ("within 15 business days after receipt by the insurer of a properly executed proof of loss

… the claimant … shall be advised in writing of the acceptance or rejection of the claim by the insurer").

7. I have reviewed the applicable provisions of the FRCP and FRAP and have been unable to locate any guidance as to the timing or deadline for how long a supersedeas bond surety has to pay a judgment after issuance of the appellate court's mandate. FRAP 8(b), cited by plaintiff and referenced in the Order to Show Cause, does provide that plaintiff's motion be served on the clerk, "who must promptly send a copy to each security provider" indicating that the surety should be given a reasonable time to respond. It is submitted that a surety in Argo's position be afforded a commercially reasonable time to investigate the proceedings and to then pay on its supersedeas bond. In this regard, given the amount involved, plaintiff should provide an exact payoff amount so Argo can then validate and obtain the internal and bank approvals needed to aggregate the funds to make payment. Argo submits that a reasonable deadline is November 30, 2023.

8. Argo submits there is no real prejudice to plaintiff as the judgment continues to accrue interest at the statutory rate under 28 U.S.C. § 1961.

9. As part of Argo's investigation, on November 14, I spoke to counsel for Tilton to obtain their position regarding plaintiff's demand under Argo's bond. Later on November 14, Tilton's counsel sent a letter to plaintiff's counsel, advising as follows:

> We are at a loss as to why the Trustee has initiated litigation on the bond without asking the principal (Ms. Tilton) to satisfy the judgments. The bond is there to secure her performance; it is not a substitute for her performance. The Trustee's actions are not in the

best interests of the judicial system, the parties to the underlying case, or creditors. (Letter attached hereto as Exhibit B).

10. In sum, if ordered by the Court, Argo is prepared to pay the judgment plus accrued interest within a commercially reasonable period of time, i.e., November 30, 2023. In addition, Argo requests that the Court order that that upon Argo's payment, and upon plaintiff/judgment creditor receiving such payment, Argo's bond be declared released and discharged. A proposed form of order is attached hereto as Exhibit A.

Dated: Jericho, New York
       November 15, 2023

                              TORRE, LENTZ, GAMELL, GARY &
                                   RITTMASTER, LLP
*Attorneys for Argonaut Insurance Company*

By: */s/Steven H. Rittmaster*
     Steven H. Rittmaster
100 Jericho Quadrangle, Suite 309
Jericho, New York 11753-2702
(516) 240-8900
srittmaster@tlggr.com